IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARICELLA CARVAJAL | ) |
| | ) |
| Plaintiffs, | ) CIVIL ACTION No. |
| | ) |
| v. | ) |
| | ) |
| BLUE CROSS AND BLUE SHIELD OF ILLINOIS, | ) (Removed from Circuit Court of Cook County, Illinois, Law Division, Case No. 20202L002874) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant, Blue Cross and Blue Shield of Illinois, an unincorporated division of Health Care Service Corporation, a Mutual Legal Reserve Company ("BCBSIL"), and hereby removes Case No. 20202L002874, *Maricella Carvajal v. Blue Cross and Blue Shield of Illinois*, from the Circuit Court of Cook County Illinois, Law Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

### I. BACKGROUND

1. On March 10, 2020, Plaintiff Maricella Carvajal ("Plaintiff") filed a Complaint against BCBSIL in the Circuit Court of Cook County, Law Division, styled *Maricella Carvajal v. Blue Cross and Blue Shield of Illinois*, Case No. 20202L002874 (the "State Action"). (*See* Plaintiff's Original Complaint (the "Complaint"), attached as Exhibit A.)

2. On April 9, 2020, summons was returned without service and Plaintiff did not accomplish service of summon and Complaint on BCBSIL throughout the remainder of 2020, leading to dismissal of the State Action for want of prosecution on January 19, 2021. (*See* Docket of State Action, attached as Exhibit B.)

3. On February 3, 2021, Plaintiff then filed a Motion to Vacate Dismissal for Want of Prosecution, which the State Court granted on April 14, 2021. (*See* Copies of all State Action Pleadings, attached as Exhibit C.) The Order vacated the dismissal and ordered Plaintiff to file an Alias Summon to obtain personal service on BCBSIL. (*See id.*)

4. Then, on June 10, 2021, Plaintiff finally made service on Defendant BCBSIL. (*See* Sheriff's Office of Cook County Affidavit of Service, attached as Exhibit D.)

5. In the Complaint, Plaintiff alleges that she received health insurance coverage under a health benefit plan sponsored by her employer, Sunrise Health Foods (the "Plan"), and administered by BCBSIL. (Ex. A. ¶ 4.) The Group Number for the Plan is P45178. (*Id.* at ¶ 4.)

6. Plaintiff further alleges that she received emergency room treatment on or around May 26, 2017 and diagnostic services on July 17, 2017 for which BCBSIL "failed, neglected and disregarded its duty owed to Plaintiff by refusing to pay the medical expenses Plaintiff has included." (*Id.* at ¶¶ 2, 12.) According to the Complaint, Plaintiff received care at Advocate Health and Hospital Corporation, which filed a claim with BCBSIL on Plaintiff's behalf. (*Id.* at ¶ 2.) Further, Berwyn Diagnostic Imaging LLC also filed a claim on Plaintiff's behalf, but BCBSIL allegedly neither acknowledged receipt of the claim nor paid any amount on the claim. (*Id.* at ¶ 2.) Plaintiff then alleges that, despite repeated requests, BCBSIL failed to provide her any formal denial letters for those claims submitted on her behalf and prevent her from filing an appeal. (*Id.* at ¶¶ 9-11, 18.)

7. Based on these allegations, Plaintiff requests $25,000 for the "the medical expenses that were not properly denied," and $50,000 for BCBSIL's alleged "intentional and vexatious delay and avoidance in handling this claim," as well as attorneys' fees and costs. (*Id.* at ¶¶ A-C.)

## II. FEDERAL QUESTION JURISDICTION

8. BCBSIL removes this case to federal court because it involves claims by Plaintiff to recover benefits and enforce rights under an employee benefit plan governed by ERISA, and, thus, presents a federal question under 28 U.S.C. §§ 1331 and 1441.

9. Federal question jurisdiction exists because Section 502(a) of ERISA completely preempts state law claims. *See, e.g.*, *Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721, 724 (7th Cir. 2017).

10. Section 502(a) of ERISA provides, in relevant part:

(a) A civil action may be brought—

    (1) by a participant or beneficiary—

        (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .

29 U.S.C. § 1132(a)(1)(B).

11. Section 502(a) of ERISA completely preempts "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy" because such a cause of action "conflicts with the clear congressional intent to make the ERISA remedy exclusive…." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004). "In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B)." *Id.* at 210.

12. As a result, complete preemption under Section 502(a) is "an exception to the well-pleaded complaint rule," and a case may be removed to federal court even though the petition does not assert a cause of action under federal law if the plaintiff asserts a state-law cause of action that falls within the scope of Section 502(a). *Id.* at 207-08.

A.     **ERISA Governs Plaintiff's Plan.**

13. ERISA's provisions apply to any "employee benefit plan" that is "established or maintained . . . by any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003(a)(1). ERISA defines an "employee benefit plan" as "an employee welfare benefit plan." 29 U.S.C. § 1002(3). ERISA, in turn, defines an "employee welfare benefit plan" as "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1).

14. Here, ERISA governs the Plan. Plaintiff herself alleges in the Petition that she received health insurance coverage under a Plan sponsored by her employer, Sunrise Health Foods. (Ex. A. ¶ 4.) The Group Number for the Plan is P45178. (*Id.* at ¶ 4.)

15. Further, the benefit booklet outlining eligible benefits under the Plan (the "Benefit Booklet") in effect in 2017 provides further evidence that Plaintiff's Plan is an ERISA Plan. (*See* Benefit Booklet, Exhibit 1 to Declaration of Suzanne Livorsi ("Livorsi Decl."), attached hereto as Exhibit E). For example, the Benefit Booklet makes clear that Plaintiff's employer (the "Group")[1] purchased the Sunrise Plan, and that BCBSIL provides administrative services. (Ex. E-1, p. 65 (stating that Plaintiff's employer chose BCBSIL for the *administration* of benefits and all Covered Services as defined in the Plan in the PPO network); *see also* Ex. E, ¶ 5.) The Plan's benefits, beneficiaries and procedures for receiving benefits are also evidenced in the Benefit Booklet. (*See* Ex. E-1, §§ Benefit Highlights; Eligibility; Exclusion—What is not Covered; and How to File a Claim). Therefore, the Plan is an "employee benefit plan" and governed by ERISA. 29 U.S.C. § 1002(3).

---

[1] In the Benefit Booklet, the employer is referred as the Group. (*See* Ex. E-1 at 1).

**B.     The Plan Falls Outside of ERISA's Safe Harbor Provision**

16.     The Plan also falls outside the Department of Labor's exemptions, which excludes a plan from ERISA's coverage if it meets all four of the following criteria: "(1) No contributions are made by an employer or employee organization; (2) Participation . . . is completely voluntary for employees or members; (3) The sole functions of the employer . . . [is] to collect premiums . . . ; and (4) The employer . . . receives no consideration . . . in connection with the [Plan] . . . ." 29 C.F.R § 2510.3-1(j)(1)-(4).

17.     Here, the Group does more than simply collect premiums and remit those payments to BCBSIL. Initially, Plaintiff pleads that "Sunrise Health Foods contracted with Defendant Blue Cross Blue Shield of Illinois <u>and paid the premium charged thereto</u> . . . ." (Ex. A, ¶ 4) (emphasis added). Further, the Group is the Plan owner, having purchased the Plan for the benefit of the Group's members, and thus possesses control over the Plan, while BCBSIL is the Claims Administrator for the Plan. (Ex. E, at ¶ 5.) Indeed, eligibility for continued enrollment in the Plan is based on continued employment with the Group. Ex. E-1 at 45 (stating that the eligibility for benefits under the Plan ends upon termination of employment with Sunrise or upon reduction in the number of hours of employment). On this basis alone, the Plan does not meet the safe-harbor requirements. *See Crabtree v. Life Care Ctrs. Of Am., Inc.*, 1:08-cv-444-SEB-TAB, 2009 U.S. Dist. LEXIS 2545, 2009 WL 734726 (S.D. Ind. Mar. 18, 1009) (plan did not "qualify for ERISA's safe harbor protections," in part because the employer "determined the eligibility requirement for its employees," which included termination "following the conclusion of the employee's employment").

18. Additionally, the benefit booklet shows that the Group performs certain administrative tasks beyond collecting and remitting premiums, such as (1) setting waiting periods for enrollment of benefits; (2) answering questions regarding waiting periods and enrollment; and (3) providing employees notices for continuation of coverage. Ex. E-1, pp. 26, 130. These administrative tasks are separate and apart from merely collecting premiums, supporting a finding that the Plan cannot satisfy the third requirement, and therefore falls outside the safe harbor provision. *See, e.g.*, *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 930 (7th Cir. 2018) (holding that were an employer has performed other functions, such as administrative functions, the third factor is not satisfied).

C. **ERISA Preempts Plaintiff's Causes of Action.**

19. Although Plaintiff does not expressly identify any specific causes of action, the Complaint is squarely premised on BCBSIL's alleged failure to pay for benefits under the Plan and purported shortcomings in handling Plaintiff's claims for benefits. (*See generally* Ex. A.) Specifically, the Complaint states that BCBSIL failed to pay for claims for benefits under the Plan and purportedly did not allow Plaintiff the ability to file an appeal. (*Id.* at ¶¶ 12, 18.) Undoubtedly, such claims arise out of, and necessarily depend upon, the parties' rights and obligations under the Plan, which, as demonstrated above, is an "employee benefit plan" governed by ERISA. Thus, Plaintiff's only recourse for the claims she brings arises exclusively under ERISA, and no independent legal duty is implicated by the allegations in the Complaint. *Davila*, 542 U.S. at 210.

20. ERISA provides the exclusive remedy for this action, and Plaintiff cannot avoid complete preemption by making general allegations that may constitute state law causes of action. *Id.* at 209; *see also McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 425-26, 429 (7th Cir. 2005) (holding that the plaintiff's "state law claims were preempted by ERISA."); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1485, 1489-90 (7th Cir. 1996) (holding that ERISA

preempted state-law claims arising out of denial of coverage under an ERISA plan); *Di Joseph v. Standard Ins. Co.*, 776 F. App'x 343, 347 (7th Cir. 2019) ("State-law civil claims involving . . . welfare benefits . . . governed by ERISA are completely preempted by ERISA.").

21. Because Plaintiff's Complaint is "derive[d] entirely from the particular rights and obligations established by" the Plan, ERISA section 502(a) completely preempts those claims. *Davila*, 542 U.S. at 213. Accordingly, the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441.

22. It does not appear from the face of the Complaint that Plaintiff alleges any state law causes of action that are not preempted by ERISA. However, to the extent Plaintiff does, or may do so in the future, this Court would have jurisdiction over such claims because they would be subject to this Court's supplemental jurisdiction. State law claims which arise out of the "same case or controversy" as federal claim are subject to the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) and removal is proper under 28 U.S.C. § 1441(a).

### III. COMPLIANCE WITH THE REMOVAL STATUTE

23. In accordance with 28 U.S.C. § 1446(a), BCBSIL files this Notice of Removal in the U.S. District Court for the Northern District of Illinois, Eastern Division, because the Circuit Court of Cook County is located in this federal judicial district and division.

24. In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is being filed with this Court within thirty (30) days of the date of Plaintiff's service of the Summons and Complaint on BCBSIL .

25. In accordance with 28 U.S.C. § 1446(a), BCBSIL has attached to this Notice of Removal a copy of all process, pleadings, and orders from the State Court Action and a separate copy of the operative Complaint.

26. In accordance with 28 U.S.C. § 1446(a), counsel for BCBSIL has signed this Notice

of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure.

27. In accordance with 28 U.S.C. § 1446(b)(1), BCBSIL files this Notice of Removal within thirty days of BCBSIL's receipt of the Summons and the Complaint on June 10, 2021.

28. In accordance with 28 U.S.C. § 1446(d), BCBSIL will provide notice of this filing to Plaintiff and will file a copy of this Notice of Removal in the Circuit Court of Cook County, Illinois.

## IV. CONCLUSION

WHEREFORE, Defendant Blue Cross and Blue Shield of Illinois, an unincorporated division of Health Care Service Corporation, a Mutual Legal Reserve Company, removes this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, and requests that this Court retain jurisdiction for all further proceedings in this matter.

DATED this 9th day of July, 2021.     Respectfully submitted,

*/s/ Claudia L. Cortes*

Martin J. Bishop (IL Bar No. 6269425)
Claudia L. Cortes (IL Bar No. 6320479)
Benjamin S. Paulsen (IL Bar No. 6330268)
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
mbishop@reedsmith.com
ccortes@reedsmith.com
bpaulsen@reedsmith.com
T 312.207.1000
F 312.207.6400

*Attorneys for Defendant Blue Cross
and Blue Shield of Illinois*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of July, 2021, a true and correct copy of the foregoing was served on Plaintiffs' counsel of record in accordance with the Federal Rules of Civil Procedure:

A. Joseph Field
A. Joseph Field & Associates
4425 S. Harlem Ave., Suite 101
Stickney, IL 60402
Atty. No. 20011
Atty. Code 57760
Phone: 708-749-2668
Fax: 708-749-7688
Email: ajosphfield@aol.com

***ATTORNEYS FOR PLAINTIFFS***

                                       */s/ Claudia L. Cortes*
                                       Claudia L. Cortes